UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00023-GNS

CAPITAL HOLDINGS 234, LLC                                                       PLAINTIFF

v.

ADVOCATE CONSULTING GROUP, PLLC                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion to Dismiss (DN 3). For the reasons stated below, the motion is **GRANTED**.

### I.     BACKGROUND

Plaintiff Capital Holdings 234, LLC ("Capital Holdings") and Defendant Advocate Consulting Legal Group, PLLC ("Advocate Consulting") entered into an agreement for legal services. (Compl. ¶ 7, DN 1-2; Def.'s Mot. Dismiss Ex. C, at 1, DN 3-3 [hereinafter Agreement]). Under the terms of the Agreement, Advocate Consulting was to provide legal services to Capital Holdings "related to the structuring of the acquisition and operation of an aircraft in a tax efficient manner" for an annual fee of $7,500. (Compl. ¶¶ 7-9; Agreement 1-2). Pursuant to their contract, Capital Holdings sought tax advice from Advocate Consulting regarding the sale of fifty percent of an aircraft, and Advocate Consulting advised that the sale would have "a tax gain to report of approximately $150,000." (Compl. ¶ 12). Capital Holdings alleges that after the sale, "it became apparent that [Defendant] omitted a Section 179 tax deduction recapture in the analysis it provided to Capital Holdings and the resulting sale, which will result in a total tax gain of $438,402." (Compl. ¶¶ 13-14).

Capital Holdings filed this lawsuit in Warren Circuit Court asserting claims of negligence, professional negligence, breach of fiduciary duty, misrepresentation, and breach of contract against Advocate Consulting. After being served, Advocate Consulting removed the lawsuit to this Court and has moved to dismiss the action based on *forum non conveniens* due to the forum selection clause in the Agreement and the lack of personal jurisdiction over it in this forum. (Notice Removal, DN 1; Def.'s Mem. Supp. Mot. Dismiss 2-8)/

## II. DISCUSSION

### A. Forum Selection Clause

"A forum selection clause should be upheld absent a strong showing that it should be set aside." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009) (citation omitted). "[T]he appropriate way to enforce a forum-selection clause pointing to a state forum is through the doctrine of *forum non conveniens*." *Chinook USA, LLC v. Duck Commander, Inc.*, No. 3:14-CV-01015-CRS, 2016 U.S. Dist. LEXIS 2211, at *10 (W.D. Ky. Jan. 7, 2016) (alteration in original) (internal quotation marks omitted) (quoting *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013)).

In enforcing a forum selection clause, the Court must first determine whether the forum selection clause is valid. In doing so, the Court considers the following factors: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." *Id.* (internal quotation marks omitted) (citation omitted).

In the case at bar, the parties agreed upon a valid and enforceable forum selection clause.[1] First, Plaintiff has not asserted that the forum selection clause was obtained by fraud, duress or other unconscionable means. Instead of arguing that the agreed upon forum would be ineffective or unfairly handle the suit, Plaintiff contends that "Kentucky courts would be *much more effective* at handling the suit than Florida courts." (Pl.'s Resp. Def.'s Mot. Dismiss 3, DN 5 (emphasis added)). As the Sixth Circuit has noted, however, "[d]ifferent or less favorable foreign law or procedure alone does not satisfy this prong. Rather, the foreign law must be such that a risk exists that the litigants will be denied any remedy or will be treated unfairly." *PartyGaming*, 589 F.3d at 829 (citation omitted). Third, Plaintiff asserts that "Plaintiff is *much more inconvenienced* bringing this action in Florida than Defendant is inconvenienced defending this action in Kentucky." (Pl.'s Resp. Def.'s Mot. Dismiss 4 (emphasis added)). Not only is mere inconvenience not the standard, but Plaintiff offers minimum evidence to support this conclusion.[2] *See PartyGaming*, 589 F.3d at 829 ("To meet the third prong of our test, the plaintiff must show that enforcement of the clause would be so inconvenient such that its enforcement would be unjust or unreasonable." (citing *Preferred Capital v. Assocs. in Urology*, 453 F.3d 718, 722-23 (6th Cir. 2006))). *See also Lorenzana v. 2nd Story Software, Inc.*, No. 4:12CV-00021-JHM, 2012 U.S. Dist. LEXIS 95119, at *19 (W.D. Ky. July 10, 2012) (quoting

---

[1] The forum selection clause in the Agreement provides:

> Any and all claims arising under this agreement or the relationship created by it shall be brought only in the courts of Collier County, Florida and shall be governed by Florida law, without regard to its choice of law provisions. By signing below the parties agree to be bound by the terms of this engagement letter.

(Agreement 2).

[2] In its response, Plaintiff states that it is a "small Kentucky company" with limited resources, while Advocate Consulting is a "complex organization" with 1,500 clients throughout the county. Plaintiff cites to www.advocatetax.com/our-clients/. (Pl.'s Resp. Def.'s Mot. Dismiss 4).

*Wayne Cty. Emps. Ret. Sys. v. MGIC Inv. Corp.*, 604 F. Supp. 2d 969, 975 (E.D. Mich. 2009)) ("Generally, '[a] transfer is not appropriate if the result is simply to shift the inconvenience from one party to another.'"). In the absence of any indication that the forum selection clause was tainted by misconduct, that Florida courts could not handle this type of dispute, or any unjust inconvenience, it appears that the forum selection clause is valid.

Next, the Court must determine whether to dismiss the case based on *forum non conveniens*. "In assessing whether to dismiss a case based on *forum non conveniens*, the Court must first identify an adequate alternative forum. "This requirement will be satisfied if the defendant is amenable to process in the foreign jurisdiction. An alternative forum is inadequate if the remedy provided by it is so clearly inadequate or unsatisfactory that it is no remedy at all." *PartyGaming*, 589 F.3d at 830-31 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 n.22, (1981)).

Here, Defendant is amendable to process in Florida state court because Florida is its principle place of business. Furthermore, this is an adequate and satisfactory forum capable of providing remedy to Plaintiff's claims. *See Chinook USA*, 2016 U.S. Dist. LEXIS 2211, at *12 (finding that a Louisiana state court was an adequate alternative forum because Defendant was amendable to process there, the forum was capable of providing remedy to Plaintiffs, and Plaintiff agreed to resolve disputes arising from the Agreement in Louisiana when signing the contract).

After identifying Florida state court as an adequate alternative, the Court must weigh relevant public and private factors in favor of the Florida forum. *PartyGaming*, 589 F.3d at 831-32 (citing *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 364 (6th Cir. 2008)). When there is a valid forum selection clause, however, the analysis changes:

> (1) [P]laintiff's forum selection merits no weight, and, instead, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. Also, (2) the Court conclusively presumes the private interest factors favor the contractually agreed upon forum; and (3) considers the public-interest factors.

*Chinook USA*, 2016 U.S. Dist. LEXIS 2211, at *13 (internal citations omitted).

Public interest factors include: "court congestion, local interest in the matter, interest in having the trial at home with the law that governs, avoidance of conflict-of-law problems or application of foreign law, and unfairness in burdening local citizens with jury duty." *PartyGaming*, 589 F.3d at 832. When the parties signed the Agreement, they agreed that disputes arising from the Agreement would be governed by Florida law. Florida courts—state or federal—are certainly more familiar with all aspects of Florida law. Regarding court congestion, as of December 2016, the median time from filing to disposition in a civil case in the Middle District of Florida is 7.1 months, while it is 9.3 months in the Western District of Kentucky.[3] Thus, the public interest factors do not weigh in favor of overriding the parties' selected forum.

Plaintiff argues that a Kentucky forum will be much more convenient, as most of the witnesses are in Kentucky; however, Plaintiff offers no evidence to support to this conclusion. Plaintiffs have failed to show how litigating in Florida would be such an inconvenient forum to yield it unjust or unreasonable. Thus, the forum selection clause is valid and enforceable, and Defendants Motion to Dismiss should be granted based on the doctrine of *forum non conveniens*. *See Atl. Marine Constr. Co.*, 134 S. Ct. at 583 (finding that in all but the most unusual cases, "the interest of justice is served by holding parties to their bargain.")

---

[3] *See* Administrative Office of the United States Courts, http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2016/12/31-1.

### B. Independent Duty Exception

Plaintiff asserts that even if this Court determines the forum selection clause is valid, "he can still maintain his tort claims in Kentucky since they arose independent of the contract and not beholden to the contract's forum selection clause." (Pl.'s Resp. Def.'s Mot. Dismiss 6). Under Kentucky law, the failure to perform a contractual obligation typically does not give rise to a cause of action in tort. *Ronald A. Chisholm, Ltd. v. Am. Cold Storage, Inc.*, No. 3:09-CV-00808-CRS-JDM, 2012 U.S. Dist. LEXIS 156849, at *10 (W.D. Ky. Oct. 30, 2012). The exception is the independent legal duty. "[I]f a plaintiff can establish the existence of an independent legal duty, [then] he may maintain an action in tort even though the acts complained of also constitute breach of contract." *Id*. (internal quotation marks omitted) (quoting *Mims v. W.-S. Agency, Inc.*, 226 S.W.3d 833, 836 (Ky. App. 2007). Plaintiff has not pleaded any legal duty owed to it by Defendant other than as set forth in the Agreement. Regardless, Plaintiff contractually agreed that "[a]ny and all claims arising under this agreement or the relationship created shall be brought only in the courts of Collier County, Florida . . . ." (Agreement 2). Thus, Plaintiff may not maintain its tort claims against Defendant in Kentucky.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 3) is **GRANTED**.

            **Greg N. Stivers, Judge**
            **United States District Court**
            August 30, 2017

cc:    counsel of record